IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT JAMES PETRICK,            )
                                 )
                    Petitioner,  )
                                 )
          v.                     )     1:13CV541
                                 )
BRAD PERRITT,                    )
                                 )
                    Respondent.  )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. For the following reasons, the Petition cannot be further processed.

1. Petitioner fails to indicate that state court remedies have been exhausted as required by 28 U.S.C. § 2254(b). This Court cannot grant relief unless state court remedies have been exhausted. Id. In North Carolina, a petitioner may satisfy the exhaustion requirement of § 2254 by raising his claim(s) in a direct appeal of his conviction and/or sentence to the North Carolina Court of Appeals followed by a petition to the Supreme Court of North Carolina for discretionary review, or by raising his claims in a Motion for Appropriate Relief ("MAR") and petitioning the North Carolina Court of Appeals for a writ of certiorari if the MAR is denied. See Lassiter v. Lewis, No. 5:11HC2082D, 2012 WL 1965434, at *4-5 (E.D.N.C. May 31, 2012) (unpublished) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), and N.C. Gen. Stat. §§ 7A–31, 15A–1422).

   The Petition indicates that Petitioner raised his instant claims in a Petition for a Writ of Habeas Corpus to the North Carolina Supreme Court. (Docket Entry 3, §§ 11, 12(d)(1)). Nevertheless, such a claim is not a direct appeal or a MAR filed in the appropriate state superior court. Consequently, the Petition

establishes that Petitioner has not exhausted his state court remedies.

Because of this pleading failure, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow once he exhausts his state court remedies. *In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

Petitioner also filed a Motion for Appointment of Counsel. (Docket Entry 2.) That Motion will be denied in light of the recommendation that this action be dismissed.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS FURTHER ORDERED that Petitioner's Motion for Appointment of Counsel (Docket Entry 2) is DENIED.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition once he exhausts his state court remedies.

This, the 17th day of July, 2013.

          /s/ L. Patrick Auld
          **L. Patrick Auld**
    **United States Magistrate Judge**

-3-

Case 1:13-cv-00541-JAB-LPA   Document 4   Filed 07/17/13   Page 3 of 3